(August 21, 2000)

■ AMBULATORY SURGERY CENTER OF BROOKLYN et al., Appellants, v HELPERS OF GOD'S PRECIOUS INFANTS, INC., et al., Respondents, et al., Defendants. [712 NYS2d 886] —In an action, *inter alia,* to enjoin the defendants from, among other things, interfering with access to the plaintiffs' premises, the plaintiffs appeal from an order of the Supreme Court, Kings County (Jackson, J.), dated March 30, 1998, which denied their motion for a preliminary injunction establishing a buffer zone around the entrances to their premises.

FANTS, INC., et al., Appellants-Respondents, THOMAS V. DAILEY et al., Respondents, et al., Defendants. [712 NYS2d 885] —In an action, *inter alia*, to enjoin the defendants from, among other things, interfering with access to the plaintiffs' premises, the defendants Helpers of God's Precious Infants, Inc., Philip Reilly, Dorothy Rothar, Michael Marino, and Rose Diaz appeal from (1) so much of an order of the Supreme Court, Kings County (Jackson, J.), entered February 25, 1999, as denied their cross motion for summary judgment dismissing the first, second, third, and fifth causes of action in the complaint, and (2) an order of the same court dated July 16, 1999, which denied their motion for renewal, and the plaintiffs cross-appeal from so much of the order entered February 25, 1999, as granted the joint motion of the defendants Thomas V. Daily and Life Center of N. Y., Inc., for summary judgment dismissing the first, second, third, and fifth causes of action insofar as asserted against them.

Ordered that the order entered February 25, 1999, is modified, on the law, by deleting the provision thereof denying that branch of the cross motion of the defendants Helpers of God's Precious Infants, Inc., Philip J. Reilly, Dorothy Rothar, Michael Marino, and Rose Diaz which was for summary judgment dismissing the first, second, third, and fifth causes of action insofar as asserted against Rose Diaz, and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from; and it is further,

Ordered that the order dated July 16, 1999, is affirmed; and it is further,

Ordered that the appellants-respondents and the respondents appearing separately and filing separate briefs are awarded one bill of costs payable by the plaintiffs; and it is further,

Ordered that counsel for the respective parties are directed to show cause why an order should not be made and entered imposing such sanctions and/or costs, if any, against counsel for the plaintiffs pursuant to 22 NYCRR 130-1.1 as this Court may deem appropriate, by filing an original and four copies of their respective affirmations or affidavits on that issue in the office of the Clerk of this Court and serving one copy of the same on each other on or before September 21, 2000; and it is further,

Ordered that the Clerk of this Court is directed to serve counsel for the respective parties with a copy of this decision and order by regular mail.

The plaintiffs proffered sufficient evidence to show the exis-

tence of triable issues of fact regarding the activities engaged in by the defendants Helpers of God's Precious Infants, Inc., Philip Reilly, Dorothy Rothar, and Michael Marino. Accordingly, the Supreme Court properly denied those branches of their motion which was for summary judgment insofar as asserted against them.

However, the defendants Thomas V. Daily, Life Center of N. Y., Inc., and Rose Diaz demonstrated their entitlement to judgment in their favor as a matter of law dismissing the first, second, third, and fifth causes of action (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320, 324; *Zuckerman v City of New York,* 49 NY2d 557, 562). The plaintiffs failed to show the existence of any triable issue of fact regarding these defendants.

In opposition to the motions for summary judgment, the plaintiffs' counsel submitted affidavits to the Supreme Court which he signed on behalf of the affiants and then notarized, representing that the affiants had signed them in his presence. Accordingly, counsel for the respective parties are directed to show cause on the issue of whether the plaintiffs' counsel should be sanctioned or have costs imposed against him (*see,* Executive Law §§ 135-a, 137; 22 NYCRR 130-1.1). Mangano, P. J., Sullivan, H. Miller and Feuerstein, JJ., concur.